**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1608
_____

IN RE: PALANI KARUPAIYAN,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-22-cv-02557)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 16, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 5, 2024)
_____

OPINION[*]
_____

PER CURIAM

Palani Karupaiyan, a frequent litigant, filed suit against Knipper Health and its

CEO alleging that they failed to hire him for various discriminatory reasons.  By order

entered March 7, 2024, the District Court dismissed some of his claims without prejudice

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

but allowed two claims to proceed. Karupaiyan appealed at C.A. No. 24-1505. We are dismissing that appeal by separate order for lack of appellate jurisdiction.

At issue here is Karupaiyan's companion petition for a writ of mandamus. Karupaiyan mentions the District Court's order, but he does not appear to request that we order the court to do anything. Instead, he appears to request that we award him in the first instance some of the same relief that he is still seeking in that court. In any event, we deny Karupaiyan's petition because he has adequate alternative means of seeking whatever relief his petition can be construed to request—i.e., the litigation of his claims to conclusion in the District Court, followed if necessary by an appeal after that court issues its final decision. See Gillette v. Prosper, 858 F.3d 833, 841 (3d Cir. 2017) (explaining that the drastic remedy of mandamus is not available when the petitioner can seek relief by appealing after final judgment).

This ruling should come as no surprise to Karupaiyan. Over about the last year, we have denied at least seven similar mandamus petitions that Karupaiyan has filed relating to other cases. See In re Karupaiyan, No. 24-1067, 2024 WL 1505491 (3d Cir. Apr. 8, 2024); In re Karupaiyan, No. 23-3044, 2024 WL 616861 (3d Cir. Feb. 14, 2024); In re Karupaiyan, No. 23-2946, 2024 WL 469301 (3d Cir. Feb. 7, 2024), cert. dismissed, 144 S. Ct. 716 (2024); In re Karupaiyan, No. 23-2878, 2023 WL 8756616 (3d Cir. Dec. 19, 2023); In re Karupaiyan, No. 23-1288, 2023 WL 3002743 (3d Cir. Apr. 19, 2023), cert. denied, 144 S. Ct. 282 (2023); In re Karupaiyan, No. 23-1304, 2023 WL 2854134 (3d Cir. Apr. 10, 2023), cert. denied, 144 S. Ct. 281 (2023); In re Karupaiyan, No. 23-1303, 2023 WL 2823892 (3d Cir. Apr. 7, 2023), cert. denied, 144 S. Ct. 282 (2023). In

2

doing so, we have explained the standards governing mandamus relief repeatedly and at length.  We encourage Karupaiyan to carefully consider those standards before filing any further mandamus petitions.  We further note that Karupaiyan has filed all of these petitions in forma pauperis and warn him that any further abuse of that privilege could result in sanctions, including restrictions on his ability to proceed in forma pauperis in the future.

For these reasons, we will deny the mandamus petition.